UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
**Orlando Division**

FILED
2012 JAN 25 AM 11: 45

ARTHUR VITO

    **Plaintiff**

v.

CASE NO:

6:12-cv-110-ORL-18KRS

SHERDIC KENDALL CAIN, individually,
and MELVIN WILLIAMSON TRUCKING, INC.

    **Defendants**

_____/

## NOTICE OF REMOVAL UNDER 42 U.S.C. §§ 1332 and 1446

COME NOW the Defendants, SHEDRIC KENDALL CAIN (hereinafter "CAIN") and MELVIN WILLIAMSON TRUCKING (hereinafter "WILLIAMSON") by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1332 and 1446, and hereby submit for consideration this Notice of Removal of this action to the United States District Court for the Middle District of Florida, Orlando Division. In support of its Notice, Defendants state the following:

1.    Plaintiff, ARTHUR VITO, filed his lawsuit in this matter on or about December 19, 2011 alleging claims against CAIN and WILLIAMSON, arising from a motor vehicle accident that occurred in Orange County, Florida on December 7, 2009. The lawsuit was filed in Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, captioned *Arthur Vito vs. Shedric Kendall Cain, individually and Melvin Williamson Trucking, Inc.*, Civil Case No. 11-CA-16812-O. A true and correct copy of the Summons, Complaint, and all other process, pleadings, and orders served upon

CAIN and WILIAMSON are attached hereto as Composite Exhibit "A," as provided in 28 U.S.C. § 1446(a).

3. True and correct copies of the Affidavits of Service on CAIN and WILLIAMSON are attached hereto as Composite Exhibit "B." Aside from the materials in Composite Exhibits "A" and "B" neither CAIN nor WILIAMSON are aware of any other process, pleadings, papers or orders served upon them with process in this action or filed in this action.

4. This Notice is being filed within one (1) year from the date the Complaint was originally filed in Orange County, Florida and within thirty (30) days from the date of service on both CAIN and WILLIAMSON. As such, Defendants' removal is timely pursuant to 42 U.S.C. § 1446(b).

5. Venue is proper in the Middle District of Florida, Orlando Division, because the Circuit Court action is pending within the jurisdictional confines of this District and Division. See 28 U.S.C. §1446(a); Local Rules 1.02(b)(1) and 4.02(a), Middle District of Florida. Contemporaneous with this filing, CAIN and WILLIAMSON give written notice of the removal to Plaintiff by and through his designated counsel, and to the Clerk of the Ninth Judicial District Court in and for Orange County, Florida, as provided for and required by 28 U.S.C. § 1446(d). A true and correct copy of the Notice to Plaintiff and to Clerk of Court of Removal of Civil Action to Federal Court (without exhibits) is attached hereto as Exhibit "C."

6. This Court has original jurisdiction over this civil action on the basis of diversity jurisdiction. Diversity jurisdiction exists where the suit is between citizens of

different states, and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332.

7. The amount in controversy in this case exceeds $75,000.00. Although Plaintiff only pleaded that the amount in controversy "exceed the jurisdictional requirements of this Court" in the body of the Complaint, this allegation was phrased only to satisfy the jurisdictional requirement of the Ninth Judicial Circuit Court in and for Orange County, Florida. As set forth below, CAIN and WILLIAMSON have a good faith basis for their belief that the actual amount in controversy exceeds not only the jurisdictional requirement of the underlying Circuit Court, but also the $75,000.00 threshhold requirement in actions removed to this Court on the basis of diversity of citizenship.

8. When a plaintiff files the case in state court, and fails to plead a specific amount of damages (as here), the removing defendant must only prove by a preponderance of the evidence that the amount in controversy **more likely than not** exceeds the jurisdictional requirement. Williams v. Best Buy, Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); Tapscott v. MS Dealer Service Corp., F.3d 1353, 1357 (11th Cir. 1996). (emphasis added). The Complaint in this case simply seeks damages "which exceed the jurisdictional requirements of this Court" (See. Comp. ¶ 1). This does not qualify as a demand for a specific amount of damages. Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 n. 9 (11th Cir. 2002). Thus, the issue is whether defendants have shown that it is more likely than not that the amount in controversy exceeded $75,000, exclusive of interest and costs.

9. To establish jurisdiction, a removing defendant may rely upon the factual representations of plaintiff. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1314-15 (11th Cir. 2002). When the jurisdictional amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams, 269 F.3d at 1319 (citing McNut v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 (1936). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet defendant's burden." Id. At 1319-20, see also Burns v. Windsor Ins. Co, 31 F.3d 1092, 1097 (11th Cir. 1994)(concluding that removing defendant did not meet burden of proving amount in controversy where it offered "nothing more than conclusory allegations"). The Court can, however, look to facts submitted by defendant post-removal to see if the jurisdictional amount is satisfied as of the date of removal. Sierminski v. Transouth Fin. Corp.., 216 F.3d 945, 949 (11th Cir. 2000);Williams, 269 F.3d at 1319-20.

10. In this case, the only specifics in the Complaint are that the Plaintiff, ARTHUR VITO, allegedly suffered "bodily injury and resulting pain and suffering, disability, impairment. disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money." See Compl. ¶ 8. Plaintiff also alleges that the injury to the Plaintiff "is permanent" and that the Plaintiff "will continue to suffer the losses in the future." See Compl. ¶ 8. In addition, the Plaintiff made a pre-suit demand

in this matter of $325,000 in October 2011, which estimated that his claim would be approximately $100,000.00 for medical expenses and medical specials.

11. The United States District Court for the Southern District of Florida recently held that similar allegations were sufficient to satisfy the defendant's burden to show the amount in controversy was over $75,000. See Eichhorn v. Home Depot, Inc., 2007 WL 2774247 (S.D. Fla. September 24, 2007).

12. Taking into account all elements of damage, there is a good faith basis for CAIN and WILLIAMSON to assert that the amount in controversy exceeds $75,000. Thus, by a preponderance of the evidence, Defendants have established that as of the date of removal, the amount in controversy exceeds the jurisdictional requirements. See Wilson v. Time Ins. Co., 2006 WL 2092259 (M.D. Fla. 2006).

13. In his Complaint, Plaintiff alleges that Defendant, CAIN, is a "resident of Maryland." See Compl., ¶ 2. Plaintiff identifies Defendant WILLIAMSON as a "Maryland corporation." See Compl., ¶ 2. Therefore, complete diversity exists amongst the Defendants. See 28 U.S.C.A. § 1332(a).

14. As Defendants CAIN and WILLIAMSON are the only party Defendants to this suit, and have jointly filed this Notice of Removal, the "unanimity requirement" mandating that in cases involving multiple defendants, all defendants must join the removal petition or otherwise manifest consent for removal to be proper within the meaning of § 1447 (c), has been satisfied. See Mitsuie Lines, Ltd. v. CSX Intermodal, Inc., 564 F.Supp.2d 1367, 1360 (S.D. Fla. 2008).

16. Pursuant to 28. U.S.C. 1446(a), true and correct copies of all additional pleadings filed in this action, including the responsive pleadings and/or motions of the served defendants, are attached hereto as Exhibit "D."

WHEREFORE, Defendants, CAIN and WILLIAMSON, respectfully request that the above-described action pending against them in the Ninth Judicial Circuit Court, in and for Orange County, Florida, be removed to this Court.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail on this 24th day of January, 2012 to Tiffany M. Faddis, Esquire, Faddis & Faddis, P.A., 5250 South U.S. Highway 17-92, Casselberry, Florida 32707

DAVID R. EVELEV, ESQUIRE
Florida Bar No.: 869170
ALVAREZ, SAMBOL & WINTHROP, P.A.
100 South Orange Avenue
Orlando, FL 32801
Telephone No.:  (407) 210-2796
Facsimile No.:  (407) 210-2795
Attorneys for Defendants: Shedric Kendall Cain and Melvin Williamson Trucking, Inc.