IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.:_____

ARTHUR VITO,

    Plaintiff,

vs.

SHEDRIC KENDALL CAIN, individually,
and MELVIN WILLIAMSON TRUCKING, INC.

    Defendants.
_____/

## PLAINTIFFS ORIGINAL COMPLAINT

COMES NOW plaintiff ARTHUR VITO, by and through his undersigned counsel and hereby sues defendants, SHEDRIC KENDALL CAIN, individually ("CAIN") and MELVIN WILLIAMSON TRUCKING, INC. ("MELVIN") and allege:

1. This is an action for damages which exceed the jurisdictional requirements of this Court.

2. This Court has jurisdiction over the parties and subject matter of this action in that:

    (a) defendant CAIN is a resident of Maryland conducting activities within the state of Florida;

    (b) defendant MELVIN is a Maryland corporation doing business in Maryland by engaging in commercial hauling endeavors within Orange County Florida; and

    (c) the incident giving rise to the instant action occurred in Orlando, Orange County, Florida.

12/30/2011 09:54 AM

EXHIBIT A

## FACTS COMMON TO ALL COUNTS

3. On or about December 7, 2009, defendant CAIN operated a commercial truck on State Road 50 at the intersection of State Road 500 in Orlando, Orange County, Florida.

4. On or about December 7, 2009, defendant MELVIN was the owner of that certain commercial truck bearing VIN No.:1XP5D89X5RN338823 which was being operated with its knowledge and consent by defendant CAIN.

5. At that time and place, defendant CAIN negligently operated and maintained the commercial truck thereby causing it to collide with the motor vehicle being driven by plaintiff ARTHUR VITO.

6. At all times material hereto, defendant CAIN was an agent, servant and/or employee of defendant MELVIN, and was acting in the course and scope of such agency relationship at the time of said accident.

## COUNT I
## NEGLIGENCE OF DEFENDANT CAIN

Plaintiffs reallege and incorporate herein by reference each and every factual allegation as contained in Paragraphs 1 through 6 as if fully set forth herein.

7. On or about October 2, 2007, defendant CAIN negligently operated or maintained the subject vehicle owned by MELVIN so that it collided with the automobile driven by plaintiff ARTHUR VITO.

8. As a direct and proximate result of the negligence of the defendant CAIN, plaintiff ARTHUR VITO suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of

12/30/2011 09:54 AM

hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The injury to plaintiff ARTHUR VITO is permanent and ARTHUR VITO will continue to suffer the losses in the future.

WHEREFORE, plaintiff ARTHUR VITO, demands judgment for damages against defendant CAIN including costs of this action, and further demands a trial by jury on all issues so triable, and for such other relief as this Court deems just and proper

## COUNT II
### VICARIOUS NEGLIGENCE OF DEFENDANT MELVIN

Plaintiffs reallege and incorporate herein by reference each and every factual allegation as contained in Paragraphs 1 through 6 as if fully set forth herein.

9.   That by virtue of being the owner of the subject commercial truck VIN No. 1XP5D89X5RN338823 otherwise known as the "dangerous instrumentality," defendant MELVIN is vicariously negligent to the same degree as defendant CAIN as alleged in paragraphs 1 through 6, *supra*.

10.   That by virtue of being the principal, master, and/or employer of defendant CAIN, defendant MELVIN is vicariously negligent to the same degree as defendant CAIN as alleged in paragraphs 1 through 6, *supra*.

11.   As a direct and proximate result of the negligence of the defendant MELVIN, plaintiff ARTHUR VITO suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The injury to plaintiff ARTHUR VITO is permanent and ARTHUR VITO will continue to suffer the losses in the future.

12/30/2011 09:54 AM

WHEREFORE, plaintiff ARTHUR VITO, demands judgment for damages against defendant MELVIN including costs of this action, and further demands a trial by jury on all issues so triable, and for such other relief as this Court deems just and proper

DATED this 9th day of December, 2011

TIFFANY M. FADDIS, ESQ.
Florida Bar No.: 0630667
tiffany@faddisandfaddis.com
ERIC H. FADDIS, ESQ.
Florida Bar No: 457590
eric@faddisandfaddis.com
FADDIS & FADDIS, P.A.
5250 South US Highway 17-92
Casselberry, Florida 32707
Telephone: 407-872-1050
Facsimile: 407-843-0420
Attorneys for Plaintiff

12/30/2011 09:54 AM